### SCHENCK et al., Respondents, v. FOLEY, Appellant.

*(Common Pleas of New York City and County, General Term.　January 16, 1890.)*

Appeal from city court, general term.

Argued before LARREMORE, C. J., and BISCHOFF, J.

*Jas. Kearney,* for appellant.　*Wm. Stainton,* for respondents.

No opinion.　Ordered that the order appealed from be affirmed, with costs.

---

### DENNING et al., Respondents, v. SCHIEFFELIN, Appellant.

*(Common Pleas of New York City and County, General Term.　January 17, 1890.)*

Appeal from city court, general term.

Argued before LARREMORE, C. J., and BISCHOFF, J.

No opinion.　Ordered that the order be affirmed, with costs.　For former report, see 7 N. Y. Supp. 98.

---

### FREELAND, Respondent, v. BACON, Appellant.

*(Common Pleas of New York City and County, General Term.　January 17, 1890.)*

Appeal from city court, general term.

Argued before LARREMORE, C. J., and BISCHOFF, J.

*W. H. Gibson,* for appellant.　*T. D. Kenneson,* for respondent.

No opinion.　Ordered that the judgment be affirmed, with costs.　For former report, see 7 N. Y. Supp. 674.

---

### GOLDSTEIN, Respondent, v. WALTERS, Appellant.

*(Common Pleas of New York City and County, General Term.　February 3, 1890.)*

Motion for reargument, and for leave to go to the court of appeals.　For opinion on the merits and statement, see 7 N. Y. Supp. 756.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*W. H. Hamilton,* for appellant.　*D. A. Sullivan,* for respondent.

PER CURIAM.　This action was commenced in a district court to recover broker's commissions upon the sale of certain real estate, and resulted in a judgment for the plaintiff.　On appeal to this court, such judgment was reversed, the opinion delivered conclusively establishing the fact that the plaintiff was not the procuring cause of the sale, but that Martin & Wray were, and further on holding that the sale was made to Martin.　The plaintiff claims that because Martin was the purchaser he cannot at the same time be the procuring cause of the sale.　We fail to see the force of this argument, because it is an every-day occurrence that a party making a purchase does so without the intervention of any broker; and, although Martin may have acted as the agent for Thomas, this fact was concealed from the defendant.　At any rate, it is clear that Goldstein, the plaintiff, had failed to induce the defendant to make the sale which Martin & Wray subsequently induced him to make, and that in no event is he entitled to brokerage for a sale consummated by other parties.　The motion for a reargument or for leave to go to the court of appeals is therefore denied, with $10 costs.